**STATE of Missouri, Respondent,**

v.

**Orlando Ray MAHONE, Appellant.**

**No. 48722.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 13, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Helton Reed, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction of first degree murder and sentence of life imprisonment. We affirm.

The victim, John "Jessie" Moore, arrived at the crime scene in his automobile accompanied by two Busby sisters, Bessie and Delisa. Delisa went into the Busby house nearby. Bessie then observed Donald Stewart (Baby Jock) and defendant, who went by the name of Ray, approach the automobile. Bessie left the vehicle and went to the house. Stewart and defendant, each armed with a gun, entered Moore's car from the driver's and passenger's door respectively. Stewart ordered Moore to "empty his pockets." Shots were fired and Moore was pushed from the vehicle. More shots were fired by both assailants. Moore ran down the street, then came back to the Busby home and collapsed on the steps of the porch. Police and paramedics arrived and the latter classified Moore as unconscious and in shock. He was described as thrashing around and gasping for breath when the ambulance arrived. After being placed in the ambulance he temporarily regained consciousness and upon the fourth inquiry by the police officer as to who shot him, he stated "Baby Jock and Ray." Moore died on the way to the hospital from massive blood loss from a wound in the abdomen. Wounds sustained by him were from two different weapons. Bessie and

her mother, who witnessed the shooting, both identified Stewart and defendant as the assailants. A next door neighbor, a sister of Bessie's mother, identified Stewart but could not identify the second assailant. Stewart was the father of Delisa's child and a frequent visitor at the Busby home. Delisa died prior to trial. Defendant was arrested within hours after the shooting at his home. Stewart was with him at the time of the arrest. Defendant presented an alibi defense.

■ Defendant raises seven contentions of error on appeal. The first challenges admission of Moore's statement of the identity of his attackers. This contention is based on an alleged lack of evidence of Moore's belief that he was dying and the alleged absence of evidence that Moore knew defendant so that he could identify him. The state argues that the statement was admissible despite its hearsay nature both under the dying declaration exception and under the excited utterance exception. The former requires that the declaration be uttered while the declarant believes death is imminent and has abandoned all hope of recovery. *State v. Carr*, 610 S.W.2d 296 (Mo.App.1980) [5]. These beliefs, if in fact they are two separate beliefs rather than the same belief expressed differently, may be inferred from the declarant's condition and other circumstances which indicate his apprehension of imminent death. *State v. Carr, supra*. An excited utterance is admissible if the declarant has been subjected to a startling event, makes a statement before there is time to fabricate, and that statement relates to the circumstances of the occurrence. *State v. Boyd*, 669 S.W.2d 232 (Mo.App.1984) [1, 2]. The statement made by Moore qualifies under either theory. Moore's physical condition at the time of the statement was that of a man gravely wounded lapsing in and out of consciousness with massive internal bleeding. The statement was made minutes prior to his death and was the last utterance he made. The conditions were sufficient to infer Moore's belief in his imminent demise and the absence of hope of recovery. It also occurred following a startling event under circumstances negating an opportunity to fabricate and dealt with the cause of that startling event. *State v. Boyd, supra*, [3].

■ Under either theory, however, the statement must be one of fact and not a mere conclusion or expression of opinion based upon collateral facts or hearsay rather than observation. *State v. Wilks*, 278 Mo. 481, 213 S.W. 118 (1919) [1, 2]; McCormick, Evidence, §§ 10, 297 (2d. Ed.1972). Here there was no direct evidence of Moore's acquaintenanceship with defendant. There was, however, an abundance of evidence from which Moore's ability to identify defendant may be inferred. Bessie did not identify to Moore the persons she saw prior to the shooting. There is no indication anyone did after the shooting and Moore's condition before anyone could talk to him makes it unlikely the assailants were identified to him by someone else. Moore was a frequent visitor to the Busby home as were Stewart and defendant. Moore knew Stewart. Stewart and defendant were good friends and "together all the time." Moore had ample opportunity to view both of his assailants in a well-illuminated area. We find no error in the admission of Moore's statement.

Defendant raises four additional evidentiary points and one point concerning the state's final argument. We have reviewed all of these points and find either no error or no prejudice. An extended discussion of the points would have no jurisprudential value and we deny them pursuant to Rule 30.25(b).

■ Defendant's final point is that the evidence is insufficient to sustain the conviction. It is not. Defendant was identified as an assailant of Moore by two eyewitnesses who had known him previously. He was also identified by the victim. The evidence also established he was in the company of Stewart shortly before and after the shooting and Stewart was positively identified as an assailant by three eyewitnesses who knew him, and by the victim. There was evidence that defendant and Stewart attempted to evade apprehen-

sion. There was testimony that Stewart ordered Moore to empty his pockets, which supports a finding that the killing occurred during an attempted robbery. Any inconsistencies in the testimony of the witnesses go to their credibility which is for resolution by the jury.

Judgment affirmed.

SNYDER, J., concurs.

SATZ, J., concurs in result.